UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ALAN EBERLY,

Petitioner,

v.

J. CAVAGNOLO, et al.,

Respondent.

No. 2:25-cv-0436 AC P

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, initiated this action by filing a petition styled as a petition for writ of mandate, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I.      Background

The original petition alleges various violations of petitioner's constitutional rights in relation to his 2019 conviction for murdering his wife. It sought various forms of relief including, among other things, compensatory damages and orders vacating petitioner's conviction, releasing him from prison, directing the state courts and other state agencies to apologize to his wife's family, requiring the state courts to implement certain policies regarding the duties of their employees and to de-publish the opinions in his appeals, and directing the return of evidence from

1

his case.  ECF No. 1.  Petitioner then proceeded to file multiple motions requesting that this case be deemed a § 1983 class action, the court hold an evidentiary hearing, the Federal Defender be appointed to represent him, the court take judicial notice of his medical and state court records, the state court and prosectors be disqualified, his conviction be vacated, discovery be compelled, and sanctions be issued.  ECF Nos. 5-9.  Petitioner then filed a document styled as a first amended complaint in which he stated that his previous complaint was still extant and he had new evidence to add and that he believes a petition for writ of mandate is "the correct vehicle and/or instrument" for his claims.

II.    Discussion

Although petitioner sets forth various theories of relief, for the reasons set forth below, none of the avenues he pursues are viable and the petition should be dismissed without leave to amend.

A.    Petition for Writ of Mandate

To the extent petitioner seeks a writ of mandate ordering the state court and other state agencies to undertake certain actions, this court has no such authority.  "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."  Clark v. State of Washington, 366 F.2d 678, 681 (1966) (citations omitted); Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court." (citing 28 U.S.C. § 1651)).  Nor can this court "issue writs of mandamus to direct state agencies in the performance of their duties."  Robinson v. Cal. Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. Mar. 18, 1998) (collecting cases).  Petitions which seek "to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law."  Demos, 925 F.2d at 1161-62.  Accordingly, to the extent petitioner seeks a writ of mandate directing state agencies in the performance of their duties, the petition is frivolous and must be dismissed.

B.    Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254

To the extent petitioner seeks habeas relief, this action is barred because it constitutes a second or successive petition.  Under 28 U.S.C. § 2244(b)(3)(A), a second or successive

2

application for habeas relief may not be filed in district court without prior authorization by the court of appeals.  Felker v. Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).  A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."  Id. at 530.  "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

The court's records reflect that petitioner has previously filed an application for a writ of habeas corpus attacking the same conviction and sentence challenged in this case.  The previous application was filed by the Clerk of the Court on August 22, 2019, and was denied as untimely on November 20, 2020.  Eberly v. Neuschmid, No. 2:19-cv-1631 MCE DMC (E.D. Cal.), ECF Nos. 1, 18, 33.  The undersigned takes judicial notice of the record in that proceeding.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").  The Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Because the petition is second or successive, before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted.  28 U.S.C. § 2244(b)(3).  Petitioner has not provided any evidence that he has received the required authorization.  The undersigned will therefore recommend that this action be dismissed

without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

### C.    Civil Rights Complaint Under 42 U.S.C. § 1983

State prisoners may not attack the validity of the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Accordingly, to the extent plaintiff seeks to challenge his conviction and current confinement, he fails to state a claim.

Moreover, to the extent plaintiff seeks compensatory damages for his allegedly unlawful conviction and incarceration, his claim is barred because a claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87. In this case, plaintiff alleges that he is still being confined as a result of the allegedly unlawful conviction, demonstrating that it has not been overturned or otherwise invalidated.

### CONCLUSION

For the reasons set forth above, the petition must be dismissed. While leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc), the undersigned finds that, given the nature of petitioner's claims, any leave to amend would be futile. Because it is clear that the petition cannot be cured by amendment, the case should be dismissed without leave to amend. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (dismissal without leave to amend permitted where "it is clear that this complaint cannot be cured by amendment"). Because it is being recommended that this action be dismissed

4

without leave to amend, petitioner's motions for miscellaneous relief (ECF Nos. 6-9) will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to proceed in forma pauperis (ECF No. 2, 5) are GRANTED;

2. Petitioner's motions for miscellaneous relief (ECF Nos. 6, 7, 8, 9) are DENIED as moot; and

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be dismissed without leave to amend for the reasons set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: March 31, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5